J-A18022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: THE MATTER OF THE ESTATE OF ERIC S. WAITE | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: LISA D. WAITE | : : : : : : | |
| | : | No. 157 WDA 2019 |

Appeal from the Order Entered January 11, 2019
In the Court of Common Pleas of Jefferson County Orphans' Court at
No(s):  O.C. 68-2018

BEFORE:  BOWES, J., NICHOLS, J., and MUSMANNO, J.

CONCURRING STATEMENT BY BOWES, J.:          **FILED FEBRUARY 24, 2020**

I concur in the result reached by the learned Majority.  Given our standard of review, there was record support for the trial court's finding that Appellant's personal interests may have affected her ability to act impartially in Mr. Waite's best interest and preserve his estate plan, especially with regard to the credit union accounts.  Hence, I cannot conclude that surcharge was improper.

I write separately to discuss the trial court's finding that Appellant impermissibly commingled her funds with those of the principal.  The Majority dismisses any notion that Appellant specifically violated a duty to prohibit the commingling of funds because her duties with regard to the credit union accounts were ministerial only.  **See** Majority Memorandum, at 21 n.5. However, the trial court also found that, although Appellant did not deposit

her money in Mr. Waite's account, nor remove his money for her own use, her acquiescence in the principal's designation of her as the beneficiary on the credit union accounts constituted commingling. It reasoned that her status as beneficiary "meant, in effect, that his money was her money." Trial Court Opinion, 1/11/19, at 7. The Majority did not evaluate whether the trial court's legal conclusion was correct.

I find no legal support for the trial court's proposition. The fact that an agent under a power of attorney ("POA") is also a designated beneficiary on a bank account does not *ipso facto* constitute commingling of funds. The accounts at issue are governed by the Multiple-Party Accounts Act ("MPAA"), 20 Pa.C.S. § 6301 *et seq*. A multiple party account is defined as "either a joint account or a trust account." *Id*. at § 6301. By all indications, the credit union accounts were "in trust for" accounts in the name of Mr. Waite, with Appellant as the designated beneficiary. The MPAA provides that "[a] beneficiary of a trust account is a party only after the account becomes payable to him by reason of his surviving the original trustee." *Id*. Thus, as a designated beneficiary, Appellant had no present interest in Mr. Waite's accounts. He owned the accounts and could have changed the beneficiary designation at any time during his lifetime. Since Appellant had no interest in the funds until Mr. Waite's death, the trial court's conclusion that the beneficiary designation alone constituted commingling in violation of Appellant's fiduciary duties under the POA was, in my view, legally incorrect.